UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE KEITH and INDUSTRIAL LOSS CONSULTING, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:05CV2268 HEA |
| JIM THOMPSON and JIM THOMPSON & CO., INC. | ) ) ) ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Dismiss Defendants' Counterclaim, [#7]. Defendants have responded to the motion. For the reasons set forth below, Plaintiffs' motion is granted in part and denied in part.

### Facts and Background[1]

Plaintiffs/Counterclaim-Defendants, Eugene Keith and Industrial Loss Consulting, Inc. ("Plaintiffs"), bring this diversity action against Defendants/Counterclaim-Plaintiffs, Jim Thompson and Jim Thompson & Co., Inc. ("Defendants") based on breach of a Settlement Agreement and Mutual Release

---

[1] The recitation of facts is taken from the parties' pleadings and is set forth for the purposes of this Order only. The recitation in no way relieves the parties of any proof thereof in future proceedings.

entered into by them on January 23, 2004.[2]  Under the terms of the Settlement Agreement, the parties agreed not to disparage any of the opposing parties verbally or in writing and that they would not contact the clients, business associates, or any other entity connected to the opposing party, with the intent to discuss the opposing party.

On December 2, 2005, Plaintiffs filed their Complaint against Defendants asserting breach of contract (Count I), libel (Count II), and tortious interference with business expectancy (Count III).  Plaintiffs seek an award of damages in excess of $75,000, punitive damages, and interest and costs of suit.

On December 29, 2005, Defendants filed their Answer to Plaintiffs' Complaint and their Counterclaim against Plaintiffs.  Although not specifically delineated in the title of the Counts, the body of each Count of Defendants' Counterclaim sufficiently describes the particular cause of action.  Defendants assert a breach of the Settlement Agreement (Count I), tortious interference with business expectancy (Count II), libel (Count III), and business defamation (Count IV).

Plaintiffs now move to dismiss Defendants' Counterclaim for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  At this stage in the proceedings, the Court will not analyze whether

---

[2]The Settlement Agreement was entered into by the parties following a court-ordered mediation to resolve issues in a case before the Honorable Carol E. Jackson, Cause No. 4:03CV0850.

Defendant can prove the allegations plead, rather, under Rule 12(b)(6) the Court is required to ascertain whether Defendant has stated a cause of action with respect to each theory of recovery.

### **Standard of Review**

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)*; Midwestern Machinery, Inc.*, 167 F.3d 439, 441 (8th Cir.1999). The complaint must be liberally construed in a light most favorable to the plaintiff. *Midwestern Machinery,* 167 F.3d at 441; *Springdale Educ. Ass'n v. Springdale Sch. Dist.,* 133 F.3d 649, 651 (8th Cir.1998). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir.1997). But a motion to dismiss should not be granted merely because a complaint does not state with precision every element of the offense necessary for recovery. *Roberts v. Walmart Stores, Inc.,* 736 F. Supp. 1527, 1528 (E.D. Mo. 1990). "A complaint is sufficient if it contains allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." *Id.* Therefore, a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can

prove no set of facts in support of the claim entitling him to relief. *Conley,* 355 U.S. at 45-46.

## Discussion

**Count I: Breach of Settlement Agreement**

Plaintiffs argue that Defendants have failed to establish the elements necessary for a claim of breach of contract, and that Count I therefore fails to state a claim upon which relief can be granted. Plaintiffs' argument that Defendants have not satisfied the elements necessary for a breach of contract claim under Missouri law, however, is premature. Defendants are not required to make such a showing at this stage.

Defendants have sufficiently alleged facts in support of claim for breach of the Settlement Agreement, including the allegation that Plaintiffs breached the agreement by "contacting clients and business associates of Thompson with the intent to discuss Thompson." Defendants have properly alleged that this was in violation of the Settlement Agreement entered into by the parties in January, 2004. For the purposes of this motion, the Court accepts these allegations as true, *Conley v. Gibson*, 355 U.S. at 45-46, and Plaintiffs' motion to dismiss Count I is denied.

**Count II: Tortious Interference**

Plaintiffs next argue that Count II does not adequately set forth the elements

necessary to prove tortious interference with a business expectancy. Again, Plaintiffs' argument is premature, since Defendants are not required to make such a showing at this stage. Under the notice pleading standard, Defendants need only set forth a short and plain statement of the claim entitling them to relief. FED. R. CIV. P. 8(a)(2). What is at issue here is whether Defendants have adequately plead tortious interference, and this Court concludes that they have.

In this case, Defendants allege Plaintiffs have intentionally interfered with Defendants' business by disparaging Defendants through verbal and/or written communications to Defendants' clients and business associates. Defendants also allege Plaintiffs continue to work with former managers and/or officers of Defendants in violation of the Settlement Agreement and in interference with Defendants' business expectancies. Assuming all of Defendants' allegations are true and granting all reasonable inferences therefrom, Defendants have adequately plead tortious interference with a business expectancy. Plaintiffs' motion to dismiss Count II is denied.

**Count III: Libel**

Defendants allege in Count III that Plaintiffs and/or their agents have "published one or more false statements concerning Thompson." The body of Count III continues,

with claims of pecuniary loss as a result of the statements and Plaintiffs' intent regarding the statements' publication. While Defendants do not specifically pronounce the claim to be one for "libel," Defendants do claim that one or more defamatory statements were published by Plaintiffs and were injurious to the reputation of Defendants. *See* BLACK'S LAW DICTONARY, 915 (6th ed. 1990) (Libel: A method of defamation expressed by print, writing, pictures, or signs. In its most general sense, any publication that is injurious to the reputation of another).[3]

Whether a statement is defamatory is a question of law. *Kennedy v. Microsurgery and Brain Research,* 18 S.W.3d 39, 43 (Mo. App. E.D. 2000) (*citing Pape v. Reither,* 918 S.W.2d 376, 380 (Mo. App. 1996)). Defendants do not indicate what statements were published by Plaintiffs, thus the Court cannot conclude that the statements constituted libel without knowing their content. Therefore, the Court finds Count III of Defendants' Counterclaims to be overly broad and must reject such conclusory allegations of law and unwarranted inferences. *Silver,* 105 F.3d at 397. Count III will be dismissed, but Defendants will be granted leave to amend.

---

[3] Defendants, in their Memorandum in Opposition to Plaintiff's Motion to Dismiss, state Count III is a claim for "slander." Yet, the body of Count III makes no reference to "oral defamation" or the speaking of defamatory words tending to prejudice another in his reputation, community standing, office, trade, business, or means of livelihood. *See* BLACK'S LAW DICTIONARY, 1388 (6th ed. 1990). Defendants will be granted leave to amend this Count to make more definite the method of defamation alleged.

**Count IV: Business Defamation**

Count IV is allegedly a claim for "business defamation." [4] While Defendants' Counterclaim does not specifically state that Count IV is a claim for "business defamation," they do allege that Plaintiffs have "published one or more false statements ascribing to Thompson [sic] conduct, characteristics or a condition that would adversely affect Thompson's fitness for the proper conduct of Thompson's lawful business, trade or profession." Statements which falsely impute conduct incompatible with one's business, trade, or profession are defamatory per se. *Kennedy,* 18 S.W.3d at 43 (*citing Pape,* 918 S.W.2d at 380). "The words must impute a lack of knowledge, skill, capacity, or fitness to perform one's duties, or fraud, want of integrity, or misconduct in the line of one's calling. *Kennedy,* 18 S.W.3d at 43-44 (*citing Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 311 (Mo. banc 1993)).

Again, whether a statement is defamatory is a question of law. *Kennedy,* 18 S.W.3d at 43. Defendants fail to indicate what words, if any, were published by Plaintiffs that falsely imputed conduct incompatible with Defendants' business, trade, or profession. As such, the Court cannot conclude that the statements constituted

---

[4]Although not labeled "business defamation" in their Counterclaim, Defendants define Count IV as business defamation in their Memorandum in Opposition to Plaintiffs Motion to Dismiss Defendants' Counterclaim.

business defamation without knowing their content. Therefore, the Court finds Count IV of Defendants' Counterclaims to be overly broad and must reject such conclusory allegations of law and unwarranted inferences. *Silver,* 105 F.3d at 397. Count IV is dismissed, but Defendants will be granted leave to amend.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Dismiss Defendants' Counterclaim, [#7] is granted in part and denied in part; Plaintiffs' motion is granted as to Counts III and IV of Defendants' Counterclaim and is denied as to all other Counts;

**IT IS FURTHER ORDERED** that Defendant is granted fourteen (14) days from the date of this Order to amend their Complaint as to Counts III and VI.

Dated this 27th day of March, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE