UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE KEITH and INDUSTRIAL LOSS CONSULTING, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:05CV2268 HEA |
| JIM THOMPSON and JIM THOMPSON & CO., INC. | ) ) ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment,

[Doc. No. 104], and Defendant's Second Motion for Partial Summary Judgment,

[Doc. No. 108]. The Motions have been fully briefed. For the reasons set forth

below, the motions will be denied.

For the purposes of this Order, the facts and background have been

previously set forth in the Court's December 26, 2007 Opinion Memorandum and

Order, and will therefore not be repeated herein.

Likewise, as stated in the December 26, 2007 Opinion, the standards for

summary judgment are well settled. In determining whether summary judgment

should issue, the Court must view the facts and inferences from the facts in the light

most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409

F.3d 984, 990 (8th Cir. 2005).  The moving party has the burden to establish both

the absence of a genuine issue of material fact and that it is entitled to judgment as a

matter of law.  Fed.R.Civ.P. 56(c);  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v.*

*Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  Once the moving party has met this

burden, the nonmoving party may not rest on the allegations in his pleadings but by

affidavit or other evidence must set forth specific facts showing that a genuine issue

of material fact exists.  Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 256.  "The party

opposing summary judgment may not rest on the allegations in its pleadings; it must

'set forth specific facts showing that there is a genuine issue for trial.'"  *United of*

*Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting

Fed.R.Civ.P. 56(e)); "Only disputes over facts that might affect the outcome of the

suit under the governing law will properly preclude the entry of summary

judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v.*

*Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004).  An issue of fact is genuine when

"a reasonable jury could return a verdict for the nonmoving party" on the question.

*Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990.  To survive a motion for

summary judgment, the "nonmoving party must 'substantiate his allegations with

sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995) (quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

The Court has reviewed the entire record before it, and finds that neither party is entitled to summary judgment. Based on the evidence and the reasonable inferences to be drawn therefrom, the Court concludes that genuine issues of material fact exist. As such, summary judgment is not appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the Motions for Summary Judgment, [Doc. No. 104 and 108], are **DENIED**.

Dated this 29th day of February, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE